**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DIANE CALKINS, | Case No. 1:24-cv-00074-CAB |
| Plaintiff, | Judge Christopher A. Boyko |
| v. | Magistrate Judge Thomas M. Parker |
| DANAHER CORPORATION, PATRICIA KIM, and BRETT CORNELL, | |
| Defendants. | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS PATRICIA KIM'S AND BRETT CORNELL'S MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Diane Calkins' original complaint pleaded six separate causes of action against individual defendants Patricia Kim ("Kim") and Brett Cornell ("Cornell"). In response to Defendants Kim's and Cornell's initial motions to dismiss, Plaintiff amended her complaint and abandoned three of those six claims. In response to Kim's and Cornell's pending motions to dismiss the three remaining claims against them, Plaintiff has now abandoned two of those remaining claims—the Ohio state law age and gender discrimination claims—by offering no response in support of them. In place of a response (or any acknowledgment that she pleaded them in the first place), Plaintiff mischaracterizes the entirety of the pending motions as "dependent on convincing the Court that Defendants Kim and Cornell do not fall in the category of 'any person.'"

As Plaintiff apparently now concedes, following substantive amendment of Ohio law in 2021, neither Kim nor Cornell was Plaintiff's "employer," and so neither can be liable to her for the claims of employment discrimination under Ohio law brought against them as Danaher managers in Counts II and IV. But, Plaintiff argues that those 2021 amendments made no

material change to individual liability for supervisors or managers of a plaintiff's employer because alleged acts of discrimination by a manager or supervisor can simply be called something else—aiding and abetting discrimination. If—as Plaintiff asserts—the exact same acts that give rise to her abandoned claims of employment discrimination can separately provide the basis for aiding and abetting claims against Kim and Cornell, then the express language in the 2021 amendments barring a cause of action against supervisors and managers based on an unlawful discriminatory practice was entirely superfluous.

To be clear, Kim and Cornell do not argue (as Plaintiff suggests) that individuals cannot be liable for aiding and abetting employment discrimination under Ohio law. Instead, Kim and Cornell assert that a plaintiff's managers and supervisors cannot be liable for aiding and abetting employment discrimination where the aiding and abetting claims are based on alleged discriminatory acts taken by the plaintiff's managers and supervisors within the scope of their employment. That reading of the statute, not the strawman version of it erected in Plaintiff's response, is both well-founded and supports dismissal of Plaintiff's remaining claim against Kim and Cornell.

Even if the Court disagrees, however, Plaintiff has failed to carry her burden to show personal jurisdiction exists as to Kim. In the face of a well-supported motion challenging personal jurisdiction—including a declaration from Kim—Plaintiff cannot rest on the allegations in her pleading. Yet she has offered nothing beyond reference to those allegations in response. Plaintiff thus fails to carry her burden, and the claims against Kim should be dismissed.

## ARGUMENT

I. **Plaintiff abandoned her age and gender discrimination claims against Kim and Cornell, and they should be dismissed.**

Plaintiff's operative complaint includes claims for age discrimination and gender

2

discrimination in violation of R.C. 4112.01(A) against "all Defendants," including Kim and Cornell. (*See* Am. Compl., ECF 7 at ¶¶ 152–163; 176–87.) Kim and Cornell each moved to dismiss those claims, arguing: (1) those claims can only be brought against "employers;" (2) following its 2021 amendment, neither Kim nor Cornell qualifies as an "employer" under the Ohio Fair Employment Practices Act ("FEPA"); and (3) Plaintiff failed to plead any facts establishing Kim or Cornell met that statutory definition of "employer" under Ohio law. (*See* ECF 12-1 at 4–7; ECF 13-1 at 3–6.)

Plaintiff's opposition does not mention her age or gender discrimination claims against Kim or Cornell, and offers no response to the arguments seeking dismissal of those claims. By that silence, Plaintiff has waived any counterargument. *See Wells Fargo Bank, N.A. for Registered Holders of Deutsche Mortg. & Asset Receiving Corp., COMM 2005-C6, Com. Mortg. Pass Through Certificates v. Pt. Dume Shopping Ctr., LLC*, No. 1:16-CV-00050, 2018 WL 3241253, at *6 n.20 (N.D. Ohio July 3, 2018) (failure to respond to argument in movant's brief waives any possible counter-argument).

Further, case law makes clear that, following the 2021 amendments, "supervisors and managers 'cannot be held individually liable for employment discrimination' unless the supervisor or manager is also an 'employer.'" *See Yacko v. General Motors Co., et al.*, No. 1:23-CV-01578-PAB, 2024 WL 866321, at *5 (N.D. Ohio Feb. 28, 2024) (quoting *Sherman v. Pub. Emps. Ret. Sys.*, No. 2:22-cv-04161, 2023 WL 6307632, at *11 (S.D. Ohio Sept. 28, 2023)) (dismissing employment discrimination claims against supervisor where complaint failed to allege supervisor met statutory definition of "employer" post-ELUA); *see Reeves v. P&E Logistics, Inc.*, No. 2:21-CV-4167, 2022 WL 899688, at *3 (S.D. Ohio Mar. 28, 2022) ("Ohio law prohibits individual liability for employment discrimination . . . ."). Plaintiff does not dispute

309494782v.2

this point. By failing to contest this point, Plaintiff has abandoned her state law age and gender discrimination claims against Kim and Cornell. Regardless, those claims are plainly foreclosed by the 2021 amendment of the Ohio law on which they are purportedly based, and should be dismissed.

## II.     Kim's and Cornell's arguments regarding aiding or abetting employment discrimination are well-founded and support dismissal.

Several federal courts (including at least two decisions cited by Plaintiff in her opposition) have noted that "'Ohio courts have offered little guidance'" with respect to Section 4112.02(J) of the Ohio Civil Rights Code (the aiding and abetting section). *Argyriou v. David A. Flynn, Inc.*, No. 4:19-CV-1878, 2021 WL 766865, at *15 (N.D. Ohio Feb. 26, 2021) (*Sampson v. Sisters of Mercy of Willard*, No. 3:12-cv-824, 2015 WL 3953053, at *9 (N.D. Ohio June 29, 2015)); *see also Spahija v. Rae-Ann Holdings, Inc.*, No. 1:22 CV 1986, 2022 WL 17993026, at *3 (N.D. Ohio Dec. 29, 2022) (quoting *Argyriou*). While those courts have recognized a lack of guidance, Plaintiff would have this Court find the correct interpretation of the statute is so plainly obvious that (1) Defendant's arguments "more than boarder[] [sic] on frivolous"; (2) are "oxymoronic" and would lead to "absurdity"; and (3) are "fabricated by analogy." (*See* ECF 16 at 9, 15, 16.) This despite there being no binding authority from the Ohio Supreme Court or Sixth Circuit Court of Appeals rejecting Defendants' arguments or supporting Plaintiff's, and Plaintiff's reluctant admission that (while she believes it to have been wrongly decided) the court in *Sherman v. Pub. Emps. Ret. Sys.* dismissed claims brought against the plaintiff's managers and/or supervisors in an employment discrimination claim pleaded under Section 4112.02(J) after the 2021 amendments.[1]

---

[1]      Defendants explicitly identified in their motions that the language of Section 4112.02(J) was not, itself, impacted by the 2021 amendments, that the amendment of the definition of "employer" did not impact claims under that sub-section, and that Section 4112.08 only applied by its terms to claims under

4

Moreover, as identified in Plaintiff's opposition, statutes are to be interpreted "upon the whole," and—if possible—construed to avoid any clause, sentence, or word being "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). While Plaintiff quotes this standard in her opposition, her proffered interpretation of the statute considers 4112.02(J) in isolation and would, in practice, render the entirety of the 2021 amendments superfluous or insignificant.

Here, the acts on which Plaintiff's 4112.02(J) claims against Kim and Cornell are based are exactly the same acts on which her underlying 4112.02(A) claims against Danaher (and, as pleaded, against Kim and Cornell) are based. Under Plaintiff's reading of the statute, after the 2021 amendment, those acts would support a plausible claim of employment discrimination against Danaher, and derivative claims of aiding and abetting employment discrimination against Kim and Cornell. Plaintiff's reading would not eliminate *any* potential liability for managers and supervisors for employment discrimination claims, it would just shift which sub-section of Section 4112.02 they can be pursued under. This reading of the statute renders the post-2021 amended language superfluous and insignificant.

Conversely, Defendants' interpretation of the statute would give substantive impact to the 2021 amendments by foreclosing individual liability for a plaintiff's supervisors or managers that is based on alleged discriminatory actions taken in the scope or course of their employment. Stated otherwise, it would foreclose individual liability for supervisors and managers for any

---

sub-sections (A), (B), (C), (D), (E), and (F) of R.C. 4112.02. (*See* ECF 12-1 at 8; ECF 13-1 at 6–7.) In other words, while Kim and Cornell were absolute in their arguments that Plaintiff's age and gender discrimination claims against them under 4112.02(A) were frivolous after the 2021 amendments (a point Plaintiff did not respond to in her opposition), they did not make the same argument as to the 4112.02(J) claims. Instead, Defendants acknowledged Plaintiff would have arguments to the contrary, and previewed for the Court what they expected those arguments to be. That Plaintiff disagrees with Defendants' arguments does not make them frivolous.

5

unlawful discriminatory actions they are alleged to have taken which would result in vicarious

liability for their employer. This interpretation would ensure that the express purpose of the

statutory amendment – barring a claim against a supervisor or manager based on an unlawful

discriminatory practice – is fulfilled rather than merely shifting a viable claim against an

individual supervisor or manager for the same alleged discriminatory act (and for which act their

employer is vicariously liable) from Section 4112.02(A) to Section 4112.02(J). It would require

that a claim against an individual for aiding and abetting discrimination not be based on the same

exact actions as are alleged to have constituted the employer's liability.

While Plaintiff asserts this argument is "oxymoronic," would lead to "absurdity," and

would "create a donut hole that would swallow the entire donut," review of the cases Plaintiff

cites demonstrates otherwise. In *Oster v. Huntington Bancshares Inc.*, for example, the court

found that the evidence made clear the plaintiff was not alleging that the employer was, in effect,

"aid[ing] or abet[ting] itself" because the actions giving rise to the aiding and abetting claims

were not the same as those giving rise to the claims against the employer. *See Oster v.

Huntington Bancshares Inc.*, No. 2:15-CV-2746, 2017 WL 2215462, at *22 (S.D. Ohio May 19,

2017). There, the aiding and abetting allegations against two individual supervisors included one

supervisor allegedly "rigging" the interview process to target the plaintiff for termination, and

giving the other supervisor license to "harass, intimidate, and discriminate against [plaintiff]

without fear of reprisal." *Id.* Under Defendants' interpretation of the statute, allegations like

those found in *Oster* could remain viable avenues to plead plausible aiding and abetting claims,

because they do not allege that the actions that constitute employment discrimination aided or

abetted themselves.

Plaintiff also incorrectly suggests that courts have rejected the argument that claims under

Section 4112.02(J) are derivative in nature. (*See* ECF 16 at 12.) The cases Plaintiff cites make clear the claims <u>are</u> derivative. *See Anderson v. Bright Horizons Children's Centers, LLC*, 2022-Ohio-1031, ¶ 75, 2022 WL 910157 (noting defendant sought summary judgment of "derivative" 4112.02(J) claim; denying motion because court had already determined underlying discrimination claim would survive summary judgment); *Martcheva v. Dayton Bd. of Educ.*, 2021-Ohio-3524, ¶ 76, 179 N.E.3d 687, 706 (quoting *Weinrauch v. Sherwin-Williams Co.*, N.D. Ohio No. 1:18-cv-01696, 2019 WL 3007031, *14 (July 10, 2019)) ("When a court finds that a defendant is entitled to summary judgment on the underlying discrimination and retaliation claims, 'the court must also necessarily grant summary judgment on the claim of aiding and abetting those claims.'").

While Plaintiff asserts that "all but one court that has considered the impact of [the 2021 amendments] has held that claims may still be asserted against individuals under sections (I) and (J)," (ECF 16 at 10), review of the cited cases reveals they have not examined the amended statute as thoroughly as Plaintiff suggests. Indeed, the cases she cites contain no discussion of whether allowing plaintiffs to repackage discrimination claims as aiding and abetting claims swallows the impact of the amendment. Indeed, in *Spahija*—the only case cited by Plaintiff actually decided based on the amended language—the court specifically stated that, in contrast to Defendants' motion here, neither of the parties there addressed the impact of the application of Section 4112.08(A) in their briefing. *See id.*, 2022 WL 17993026 at 2.

As discussed above, *Anderson* and *Martcheva* were both decided solely on the ground that the aiding and abetting claims were derivative in nature, and required viable underlying claims of direct discrimination to survive. *See Anderson*, 2022-Ohio-1031, ¶ 75; *Martcheva*, 2021-Ohio-3524, ¶¶ 74–76. While that is certainly true, it is not the issue here.

7

The bulk of cases Plaintiff cite as support include determinations that the 2021 amendments did not apply retroactively, such that the courts were not deciding motions under the amended language and had no reason to conduct in depth analysis of it. *See Bostick v. Salvation Army*, 2023-Ohio-933, ¶ 73 and n.2, 213 N.E.3d 730 (noting amended law did not take effect until after plaintiff filed her complaint; finding retaliation claims failed against supervisor because plaintiff failed to show she was terminated for engaging in protected conduct); *Burch v. Ohio Farmers Ins. Co*., 2023-Ohio-912, ¶ 33, 211 N.E.3d 202, 209 (reversing dismissal based on holding that ELUA amendments were not retroactive, not based on liability as defined under amended statute); *Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 927 (N.D. Ohio 2022) (permitting amendment of complaint to name individual defendants because—while it appeared the amendment did not eliminate individual liability such that it would be futile to permit claims against individuals—the ELUA did not apply retroactively, and plaintiff's claims accrued before effective date). *Argyriou* did not even need to consider the retroactivity question, because it was decided in February 2021, before the amended statute took effect. Still the court's holding there noted that, even before the amendment, there had been "little guidance" from the Ohio courts on the interpretation of the aiding and abetting provision in the law, but that the plaintiff there had stated a claim against the individual defendant in part because of the "close relationship between Mr. Flynn and his company." *See Argyriou*, 2021 WL 766865, at *15. Elsewhere in the opinion, the Court noted that Flynn, the individual defendant, was the president and owner of the eponymously named employer. *Id.* at 1.

Thus, of the cases cited by Plaintiff, only *Spahija* was actually decided based on application of the language of the amended statute, and the court there specifically noted that the parties had not addressed the impact of the amended statute's addition of Section 4112.08 on the

claim. In contrast, in *Sherman v. Pub. Emps. Ret. Sys.*, No. 2:22-CV-04161, 2023 WL 6307632 (S.D. Ohio Sept. 28, 2023), the Court dismissed the plaintiff's aiding and abetting claims under R.C. § 4112.02(J), holding they were barred by the ELUA amendments to § 4112.08(A). *See Sherman*, 2023 WL 6307632 at *11. This court should follow the reasoning in *Sherman* and dismiss Plaintiff's attempts to re-cast her employment discrimination claims against Kim and Cornell as claims for "aiding and abetting," so as to frustrate the express purpose of the Ohio legislature's 2021 amendments.

Plaintiff's claims against Kim and Cornell under Ohio R.C. 4112.02(J) should be dismissed in their entirety.

### III.   Plaintiff does not meet her burden in attempting to establish personal jurisdiction as to Defendant Kim.

As the party bringing suit, Plaintiff has the burden of proving the court's jurisdiction over Kim. *Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F. Supp. 3d 561, 566 (N.D. Ohio 2022). To meet that burden, "in the face of a properly supported motion for dismissal, the plaintiff *may not stand on his pleadings* but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Here, Kim submitted a motion to dismiss for lack of personal jurisdiction, supported by her own declaration. (*See* ECF 13-1 at 18–20.) In that declaration, Kim declared: (1) she is a resident of New York; (2) she has never been a resident of Ohio; (3) her employment is based in Washington, D.C.; (4) she was never responsible for managing or supervising any aspect of Plaintiff's employment with Danaher; (5) she was not involved in the change of Plaintiff's role in March 2022 or the selection of her purported replacement; and (6) she was not involved in the decision to outsource transfer pricing work, or in the resulting decision to terminate Plaintiff's

9

employment. (*Id.*) Indeed, Kim declares that her only role with respect to Plaintiff's separation was in the legal advice she provided as in-house counsel to Danaher. (*See id.* at ¶¶ 14–16.)

In responding to Kim's motion, Plaintiff puts forth no evidence at all. Instead, and contrary to the Sixth Circuit's repeated instruction that plaintiffs faced with a properly-supported motion to dismiss for lack of personal jurisdiction cannot "stand on their pleadings," Plaintiff does just that. *See Theunissen*, 935 F.2d at 1458; *see also H&H Wholesale Services, Inc. v. Kamstra International, B.V.*, No. 21-1533, 2021 WL 5505495, at *4 (6th Cir. Nov. 24, 2021) (clarifying that, in making *prima facie* showing of personal jurisdiction, it remains plaintiff's burden to support assertions with evidence, and not merely stand on allegations in pleading); *NTCH-W. Tenn, Inc. v. ZTE Corp.*, 761 F. App'x 485, 487 (6th Cir. 2019) (defendants introduction of affirmative evidence on motion to dismiss for lack of personal jurisdiction shifts the burden to plaintiff to introduce evidence, and not stand on allegations of jurisdiction in complaint); *Parker v. Winwood*, 938 F.3d 833, 839–40 (6th Cir. 2019) ("[B]ecause [defendant] submitted affirmative evidence showing that the court lacked jurisdiction over him, mere allegations of jurisdiction are not enough."); *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (plaintiff carried *prima facie* burden by pointing to evidence in exhibits in response to motion to dismiss); *See, Inc. v. Imago Eyewear Pty, Ltd.*, 167 F. App'x 518, 523 (6th Cir. 2006) (granting no error in finding plaintiff failed to show purposeful availment where plaintiff presented no evidence to support allegations in response to defendant's motion). Plaintiff's arguments rely exclusively on the allegations in her pleading. (*See* ECF 16 at 18–24.) Because Plaintiff has advanced no evidence to rebut the affirmative evidence Kim provided demonstrating the Court lacks jurisdiction over her, Plaintiff cannot carry her burden. *See*

*Parker*, 938 F.3d at 841 (in affirming dismissal for lack of personal jurisdiction, finding plaintiff failed to rebut affirmative evidence showing jurisdiction was lacking).

Because Plaintiff has not introduced any evidence to support any of her jurisdictional allegations as to Kim, the Court should decide the jurisdictional question on the papers, based on the undisputed factual representations in Kim's declaration. *See Predictive Conversations, LLC v. Leica Geosystems, Inc.*, No. 5:22-CV-311, 2023 WL 4052471, at *2 (N.D. Ohio June 16, 2023) (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997)). Based on those assertions, dismissal is proper.

### IV. Exercising specific jurisdiction over Kim would not comport with due process.

Plaintiff does not assert that Kim is subject to general jurisdiction in this Court, and instead attempts to invoke specific personal jurisdiction under Ohio's long-arm statute. (ECF 16 at 18–19.) As asserted in Kim's motion, and based on the undisputed evidence in her declaration, exercising specific jurisdiction over Kim here would not comport with due process. Where a court does not have general jurisdiction over a defendant, it may still have specific jurisdiction over a defendant for a particular matter. "Specific jurisdiction," applies when the defendant's contacts with the forum state are fewer or less intimate than would support general jurisdiction, but where the action "arise[s] out of or relate[s] to" those contacts. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. —, 141 S. Ct. 1017, 1025 (2021). Where, as here, the Court's subject-matter jurisdiction is based on a federal question, the exercise of specific personal jurisdiction over a defendant is proper if it is "both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).

In the Amended Complaint, Plaintiff makes the conclusory assertion that personal jurisdiction exists as to Kim pursuant to R.C. §§ 2307.382(A)(1), (3), and (4). (*See* ECF 7 at 9.)

11

Beyond those conclusory assertions, Plaintiff offers no allegations as to how Kim allegedly transacted business in the state, caused tortious injury by an act or omission in the state, or caused injury by an act or omission outside the state but regularly engages in persistent conduct in the state. In other words, apart from claiming jurisdiction exists, Plaintiff does not actually plead facts establishing that any of the identified sub-sections of Ohio's long-arm statute apply. Kim's declaration demonstrates they do not.

Ohio's long-arm statute does include a catchall provision providing for personal jurisdiction "over a person on any basis consistent with the Ohio Constitution and the United States Constitution." *See* Ohio R.C. § 2307.382(C). Accordingly, even assuming no specific sub-section of the long-arm statute applies to Kim, the analysis would ultimately converge with the question of whether an exercise of personal jurisdiction over Kim is in accordance with the Due Process Clause.

The Sixth Circuit has outlined a three-prong test to guide the due process inquiry: (1) has the defendant purposefully availed herself of the privilege of acting or causing a consequence in the forum state; (2) does the cause of action arise from the defendant's activities in the forum state; and (3) do the acts of the defendant or consequences caused by them have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). None of these three factors support exercising personal jurisdiction over Kim.

The first prong of the *Southern Machine* test "ensures that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Here, Plaintiff asserts—based solely on the allegations in her Complaint—that

Kim "reached into Ohio" by participating in creating documents that lead to Plaintiff's termination. (*See* ECF 16 at 21–22.) But, if Kim's only role in Plaintiff's termination was that Kim—while located outside of Ohio—participated in drafting a contract related to the termination of Plaintiff's employment, then it is only *Plaintiff's* connection to Ohio that connects Kim to this forum. That is, Plaintiff's argument is that Kim purposefully availed herself of Ohio by participating in drafting an agreement that was sent to Plaintiff, who lived in Ohio.

The law does not support such an attenuated connection to show "purposeful availment." Plaintiff "cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). But Plaintiff alleges no other connection between Kim and Ohio than Kim's alleged "participation" in the events described in the Complaint, and offers no response to Kim's argument to that effect. Plaintiff makes no allegations that Kim "traveled to, conducted activities within, contacted [some]one in, or sent [some]thing" to Ohio. *See Walden*, 571 U.S. at 289. Purposeful availment of the "benefits" of Ohio cannot be predicated on unilateral acts of the plaintiff. *Schneider*, 669 F.3d at 701 (quoting *Citizens Bank v. Parnes*, 376 F. App'x 496, 502 (6th Cir. 2010)). It is not enough that an agreement Kim drafted was ultimately sent to Plaintiff in Ohio. *See Sherman v. Biglari*, No. 1:18CV2887, 2020 WL 3000452, *12 (N.D. Ohio 2020) (defendant's calls to plaintiff only related to Ohio because the plaintiff happened to reside in Ohio, and were insufficient to create minimum contacts with Ohio). The Court can stop its analysis there and dismiss Kim for lack of personal jurisdiction. *See LAK, Inc. v. Deer Creek Enter.*, 885 F.2d 1293, 1303 (6th Cir. 1989) ("The plaintiff having failed to pass the 'purposeful availment' test, we need not dwell on the other criteria . . . ."). Still, examination reveals Plaintiff cannot satisfy the other elements of personal jurisdiction either.

Plaintiff's argument as to the second *Southern Machine* requirement consists of two conclusory sentences, in which she asserts she has met the requirement. (*See* ECF 16 at 22.) However, setting this conclusory assertion aside, Plaintiff cannot actually show "the operative facts of the controversy arise from [Kim's] contacts with the state." *Bates v. CogniSens Aths., Inc.*, No. 3:18-cv-00467, 2018 U.S. Dist. LEXIS 123581, at *17 (M.D. Tenn. July 24, 2018). In her Complaint, Plaintiff makes a number of non-specific allegations that Kim "participated in" the events underlying her claims. The evidence in Kim's declaration, however reveals that either (1) Plaintiff's allegations are baseless and false, or (2) Kim's "participation" was limited to the provision of legal advice to Danaher, and had no direct connection to Ohio. (Kim Decl. ¶¶ 10-20.) More to the point, Plaintiff's claims are based on the assertion that she was demoted and her employment terminated. Kim's declaration establishes, by unrefuted evidence, she was involved in neither decision, and her only "participation" was legal advice with respect to preparing a separation agreement. But drafting the contracts is not what "caused" the harm Plaintiff alleged; indeed, her alleged demotion predates either version of the separation agreement, and she alleges her employment was terminated before either was presented to her. (*See* ECF 7 at ¶¶ 45–51; 67.)

Plaintiff claims to have met the third prong of the *Southern Machine* analysis by claiming to have met its first two prongs, and then asserting Kim has not sufficiently shown the burden to her of having to litigate in Ohio. (ECF 16 at 22–24.) While the burden on Kim is certainly one of the factors the Court can consider in assessing this reasonableness element, the ultimate question is whether exercising jurisdiction over Kim would be reasonable in light of the connection that allegedly exists between Kim and Ohio. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1268 (6th Cir. 1996). Here, Kim is an out-of-state resident, who provided legal advice to a corporation based in Washington, D.C., as in-house counsel. Kim's only connection with Plaintiff was that

she provided legal advice to Plaintiff's employer, Danaher. (Kim Decl. ¶¶ 10-11, 14-18.) Kim had no supervisory or managerial role related to Plaintiff. (*Id.* at ¶ 10.) It would not be reasonable to subject an out-of-state lawyer to personal jurisdiction any time that lawyer's client (who also does not reside in Ohio) utilized the lawyer's advice in connection with a matter involving a person who happened to live in Ohio.

## CONCLUSION

For the reasons set out herein and those set out in their respective opening briefs (*see* ECF Nos. 12-1 and 13-1), Defendants Patricia Kim and Brett Cornell respectfully request that this Court grant their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss all claims against her with prejudice. In the alternative, Kim requests that the Court dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction.

309494782v.2

DATED:  March 13, 2024

Respectfully submitted,

FRANTZ WARD LLP


By: *Joel R. Hlavaty*
    Joel R. Hlavaty (#0027005)
    jhlavaty@frantzward.com


FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio  44114
Telephone:  (216) 515-1660
Facsimile:   (216) 515-1650

ADMITTED PRO HAC VICE
Joseph S. Turner
jturner@seyfarth.com
Thomas M. Horan
thoran@seyfarth.com
Taylor Iaculla
tiaculla@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendants

309494782v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2024, I electronically filed the foregoing *Reply Memorandum In Support Of Defendants Patricia Kim's and Brett Cornell's Motions To Dismiss Plaintiff's Amended Complaint* with the Clerk of Court by using the Court's CM/ECF system, which automatically sends email notification of such filing to the following attorneys of record for Plaintiff:

> Trisha Breedlove
> Spitz, The Employee's Attorney
> 1103 Schrock Road, Suite 307
> Columbus, Ohio 43229
> Telephone: (614) 683-7331
> Email: trisha.breedlove@spitzlawfirm.com

> By: */s/ Joel Hlavaty*
> Joel R. Hlavaty
> *Attorney for Defendant*

309494782v.2