IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DIANE CALKINS, | ) | CASE NO.: 1:24-CV-00074 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| | ) | |
| DANAHER CORPORATION, *et al.*, | ) | |
| | ) | **PLAINITFF DIANE CALKINS' SUR-REPLY BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED BY DEFENDANTS BRETT CORNELL AND PATRICIA KIM** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **(Request for Oral Argument)** |

Confronted with the frivolity of their arguments and that singular supportive authority was based on a clear and undeniable reading error (which Defendants wholly ignore and do not dispute), Defendants attempt to recast their entire argument. There are several critical problems with Defendants' new gambit.

## I. DEFENDANTS MISREPRESENT THEIR OWN INTIAL ARGUMENT.

In their Reply, Defendants assert: "To be clear, Kim and Cornell do not argue (as Plaintiff suggests) that individuals cannot be liable for aiding and abetting employment discrimination under Ohio law."[1] In doing so, Defendants hope that the Court simply forgot that they original argued in the Motion to Dismiss that "The ELUA was enacted for the express purpose of extinguishing the individual supervisory liability"; and that legislature intended to "extinguish individual liability."[2] And to be very clear about their position, Defendants further initially and expressly asserted that H.B. 352 amendments eliminated "aiding and abetting" claims: "It would

---

[1] Doc #: 17, p. 2, PageID #: 344.
[2] Doc #: 17, 13-1, p. 4-; PageID #: 285.

be illogical—and contrary to the General Assembly's express purpose in enacting the ELUA amendments—to interpret the statute to now prohibit direct discrimination claims against individual managers and supervisors, and nonetheless permit derivative claims against those same people for the same acts."[3]

Moreover, in recasting their argument, Defendants directly concede that individuals can be liable under R.C. § 4112.02(J) because "Kim and Cornell do not argue (as Plaintiff suggests) that individuals cannot be liable for aiding and abetting employment discrimination under Ohio law."[4] Accepting Defendants' new argument on its face, they have now implicitly admitted that it was frivolous to move to dismiss the (J) claims because there are "any set of facts that could be proved consistent with the allegations."[5]

## II.  DEFENDANTS BLANTANTLY MISREPRESENT THAT THE INDIVIDUAL DISCRIMINATION CLAIMS WERE ABANDONED.

Defendants would have this Court believe that R.C. § 4112.02(J) simply and exclusively provides liability for "aiding and abetting" only. It does not and Calkins directly addressed it in her Brief in Opposition.[6] In truth, R.C. § 4112.02(J) is much broader:

> (J) For **any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice**, to obstruct or prevent any person from complying with this chapter or any order issued under it, **or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice**.[7]

Indeed, Calkins directly asserts that the H.B. 352 amendment achieved its purposed by eliminating individual vicarious liability by removing individuals from the definition of employer but continuing to hold them liable for their own acts of employment discrimination:

---

[3] Doc #: 17, 13-1, p. 7, PageID #: 287.
[4] Doc #: 17, p. 2, PageID #: 344.
[5] *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).
[6] Doc #: 16 , p. 8, PageID #: 325
[7] Ohio Rev. Code Ann. § 4112.02 (**Emphasis** added).

the actual stated intent to limit individual liability is again expressly limited to in R.C. § 4112.02(A)(24)(a) only – leaving "any person" still liable for their own acts of discrimination under the claims described in R.C. § 4112.02(A)(24)(b) – the R.C. § 4112.02(I) and (J) claims. … Thus, "any person," including but not limited to individuals, all managers, and all employees, are expressly and directly liable for their own acts of discrimination and retaliation as well as those acts of discrimination that they help or convince another to undertake. Thus, as the Complaint alleges that Kim and Cornell both directly engaged in discriminatory acts as well as aiding, abetting, and inciting such acts, the Amended Complaint states proper causes of action.[8]

Defendants' repeated assertions that Calkins abandoned her discrimination claims against the individuals is bizarre and frivolous. Defendants' repeated assertions that R.C. § 4112.02(J) only provides individual liability for "aiding and abetting" despite the plain statutory language to the contrary is frivolous. Respectfully, Defendants either failed to read Calkins' Brief in Opposition and R.C. § 4112.02(J), or they believe that the Court has not. Since Defendants misrepresented that Calkins abandoned her discrimination claims against the individuals, her argument that are necessary founded on this misrepresentation must also fail.

### III. DEFENDANTS CONTINUE TO BEAT THEIR "COURSE AND SCOPE" DRUM DESPITE ABSOLUTELY NO LEGAL BASIS WHATSOEVER.

Defendants' course and scope argument was initially and exclusively premised on Defendants' representation that the Southern District Court of Ohio Eastern Division in *Sherman v. Pub. Emps. Ret. Sys*,[9] held that individual liability was limited to acts taken outside the course and scope of employment.[10] In her Brief in Opposition, Calkins pointed out that the Court made no such holding but rather that the only mention of "course and scope" in the entire opinion was in identifying an argument raised by the "individual defendants."[11] Calkins further pointed out that nowhere in the text of any statute within the entire Chapter of 4112 nor in any of the legislative

---

[8] Doc #: 16 , p. 15, PageID #: 332
[9] No. 2:22-CV-04161, 2023 WL 6307632, at *11 (S.D. Ohio Sept. 28, 2023).
[10] Doc #: 13-1, p. 7, PageID #: 287.
[11] Doc #: 16 , p. 16, PageID #: 333

3

history do the words "course and scope appear," and that no Court has ever imposed such a "course and scope" restriction into R.C. § 4112.02(I) or (J).[12]

In their Reply, Defendants fail to address, much less apologize for, their blatant misrepresentation of *Sherman*. They fail to address, much less dispute, that there is no legislative text nor stated legislative intent to limit liability to "course and scope." Worse yet, Defendants failed to cite a single case that would give this Court the authority to read in non-existent restrictions to plain unambiguous statutory language, much less cite to any court that has done so to judicially alter R.C. § 4112.02(J).

Instead of conceding culpability for misrepresenting *Sherman* or acknowledging that there is a complete absence of authority to support this argument, Defendants continued making their "course and scope argument." Such dogged insistence of their wholly fabricated argument despite the utter lack of any legal support is way beyond frivolous.

### IV. CONCLUSION

For all of the foregoing reasons, Calkins respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

*/s/ Brian D. Spitz*
Brian D. Spitz (0068816)
Trisha M. Breedlove (0095852)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
           trisha.breedlove@spitzlawfirm.com

*Attorneys for Plaintiff Diane Calkins*

---

[12] *Id.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

*/s/ Brian D. Spitz*
Brian D. Spitz (0068816)
**SPITZ, THE EMPLOYEE'S LAW FIRM**