IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE CALKINS, | ) | CASE NO.: 1:24-CV-00074 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| | ) | **PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| DANAHER CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Diane Calkins, by and through the undersigned counsel, and respectfully moves the Court pursuant to Fed. R. Civ. P. 11 for sanctions against Defendants Patricia Kim and Brett Cornell's counsel of record. Kim and Cornell's Brief Motions to Dismiss are sanctionable because they misrepresented the law and demonstrated a lack of candor to the Court. With that said, Calkins asks that the Court sanction each counsel by formally warning them that such conduct will no longer be tolerated as well as ordering each counsel to donate $500 to The Littlest Heroes – Pediatric Cancer Foundation. A Brief in Support is being filed with this Motion and incorporated herein.

This Motion complies with the safe harbor requirements of Fed. R. Civ. P. 11.

Respectfully submitted,

/s/ Brian D. Spitz

Brian D. Spitz, Esq. (0068816)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
*Attorney for Plaintiff Sessel-Pius L. Taylor*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE CALKINS, | ) | CASE NO.: 1:24-CV-00074 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | MAGISTRATE JUDGE THOMAS M. |
| v. | ) | PARKER |
| | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| DANAHER CORPORATION, *et al.*, | ) | **PLAINTIFF'S MOTION FOR SANCTIONS** |
| | ) | **PURSUANT TO FED. R. CIV. P. 11** |
| Defendants. | ) | |

## I. INTRODUCTION

The undersigned counsel does not take the filing of a Fed. R. Civ. P. 11 Motion for Sanction lightly. Unfortunately, this is a situation where the law is clear, and counsel had no good faith basis to argue that Ohio Chapter 4112 provides no individual liability in Defendants Patricia Kim and Brett Cornell's respective Motions to Dismiss. Taylor is not seeking a significant monetary sanction, but rather, asks the Court to issue sanctions as a deterrent for wasting this Court's and opposing counsel's time moving forward. This remedy is justified under these circumstances, including as addressed in Plaintiff Diane Calkins' Combined Brief in Opposition to the Motions To Dismiss, which is incorporated herein.[1]

In this case, defense counsel moved the Court to engage statutory construction without pointing to any specific statutory language, much less quoting it. They failed to cite any law on statutory construction. Their argument directly contradicted the plain language of the statute as well as nearly every case that has considered this issue. And while citing to the one case that concluded there was no individual liability, defense counsel misrepresented the actual holding of the case – by

---
[1] Doc. # 16 .

trying to pass of the argument raised by the defendants in that case as a holding of the Court. Defense counsel's argument, if accepted, would have rendered a significant portion of Chapter 4112 completely meaningless, contrary to the clear rules of statutory construction. Defense counsel then created an oxymoronic argument out of thin air that individuals cannot be held liable for engaging in employment actions unless they were acting outside of the course and scope of their employment – which given that employment actions are inherently taken inside the course and scope of employment would also render large chunks of Chapter 4112 to be meaningless.

In the end, the frivolous nature of defense counsel's argument is highlighted by the fact that while R.C. § 4112.02(I) and (J) specifically create liability for "any person" – which specifically is defined to include all individual, managers, and employees – defense counsel argued that the statute should be constructed to be read that no persons and no individuals should be held liable under (I) and (J). It is beyond frivolous to a make an argument directly contrary to the plain text of the statute while refusing to actually address the language in the statute.

## II.　FED.R.CIV.P. 11 STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides that every pleading, written motion, or other paper being filed be signed by an attorney, if the party is represented, and requires the attorney to certify through signing it "after an inquiry reasonable under the circumstances," that the document "is not being presented for any improper purpose," and that "the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(a), (b). Rule 11 authorizes sanctions for the filing of papers that are frivolous, lacking in factual support, ***or*** presented for any improper purpose.[2]

---

[2] *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998).

In *Albright v. Upjohn Co.*,[3] the United States Court of Appeals for the Sixth Circuit adopted the following standard for Rule 11 sanctions first enunciated by the D.C. Circuit:

> Under Rule 11, sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, ***or*** (3) interposed for any improper purpose such as harassment or delay. In determining whether factual (1) or dilatory or bad faith (3) reasons exist which may give rise to invocation of Rule 11 sanctions, the district court is accorded wide discretion. … **However, once the court finds that these factors exist, Rule 11 requires that sanctions of some sort be imposed. A refusal to invoke Rule 11 constitutes error.** On the other hand, a decision whether the pleading or motion is legally sufficient (2) involves a question of law and receives this court's de novo review. The selection of the type of sanction to be imposed lies of course within the district court's sound exercise of discretion. Thus, we interpret Rule 11 not to have removed from the district court the discretion it needs to efficiently carry out its duties and manage its caseload, but rather to require that sanctions be imposed once the district court's exercise of discretion finds sanctionable circumstances.[4]

In *Bus. Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*,[5] the United States Supreme Court held: "The standard is one of reasonableness under the circumstances," and that such standard "has been embraced in all thirteen circuits."[6] Further, the "mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness, *i.e.,* liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable."[7] In *Chambers v. NASCO, Inc.*,[8] the United States Supreme Court further held that "Rule 11, for example, imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."

Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule."[9] A party "is impressed with a continuing responsibility

---

[3] 788 F.2d 1217 (6th Cir.1986).
[4] *Id*. at 1221–22 (***Emphasis*** added)(quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174–75 (D.C.Cir.1985)); see also *In re DeLorean Motor Co.*, 821 F.2d 649 (6th Cir. 1987).
[5] 498 U.S. 533, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991).
[6] *Id*. at 551 (quoting Advisory Committee's Note to Fed.Rule Civ.Proc. 11, 28 U.S.C.App., p. 576; Wright & Miller § 1335, at 61–62); *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir.2006); *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir.1997); *Mihalik v. Pro Arts, Inc.,* 851 F.2d 790, 792 (6th Cir.1988); *INVST Financial Group, Incorporated v. Chem–Nuclear Systems,* 815 F.2d 391, 401 (6th Cir.1987), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987).
[7] *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).
[8] 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991).
[9] *Albright,* 788 F.2d at 1221.

3

to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11."[10] Thus, an attorney cannot defend sanction by claiming to have acted hastily or to have jumped without looking because "any signer must conduct a 'reasonable inquiry' or face sanctions."[11] To be clear, the "objective reasonableness standard has been adopted 'to eliminate any 'empty-head pure-heart' justification.'"[12] Stated more directly: "Ignorance of the law is no excuse—particularly where allegations of the sort Rule 11 implicates come into play."[13]

Relevant factors for determining whether the attorney acted reasonably include: "the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar."[14]

In *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*,[15] the United States Court of Appeals for the Sixth Circuit made clear: "Rule 11 now mandates the imposition of sanctions if the underlying conduct is found to violate the Rule. The standard by which conduct is judged has become more stringent as well; a showing of 'good faith' will no longer be sufficient to avoid sanctions."[16]

A district court has broad discretion in deciding the nature and extent of sanctions to impose under Rule 11.[17] While sanctions typically reflect fees and costs incurred in responding the violating

---

[10] *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir.2010).
[11] *Spurlock v. Demby*, 48 F.3d 1219 (6th Cir. 1995).
[12] *Neighborhood Rsch. Inst. v. Campus Partners for Cmty. Urb. Dev.*, 212 F.R.D. 374, 378 (S.D. Ohio 2002)(quoting Fed. R. Civ. P. 11 advisory committee notes (1993 Amendments)).
[13] *Kenyon v. Union Home Mortg. Corp.*, No. 1:21-CV-01426, 2022 WL 621552, at *2 (N.D. Ohio Mar. 3, 2022).
[14] *Davis v. Crush,* 862 F.2d 84, 88 (6th Cir.1988) (quoting *Century Products, Inc. v. Sutter,* 837 F.2d 247, 250–51 (6th Cir.1988)); see also *Zell v. Klingelhafer*, No. 2:13-CV-00458, 2015 WL 1299542, at *5 (S.D. Ohio Mar. 23, 2015).
[15] 815 F.2d 391 (6th Cir. 1987).
[16] *Id*. at 401; see also *Jones v. Continental Corp.,* 789 F.2d 1225, 1230 (6th Cir.1986); *Adams v. Penn Line Servs., Inc.*, 620 F. Supp. 2d 835, 839 (N.D. Ohio 2009).
[17] *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 401 (6th Cir.1987); *see also Runfola & Assocs. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 376 (6th Cir.1996).

conduct, the district court has significant latitude to pick a sanction that will deter such conduct, including for example in *Kenyon v. Union Home Mortg. Corp.*,[18] where the Court held: "As a sanction, the Court ORDERS Mr. Clagg to complete 2.5 hours of ethics-based legal training that qualifies for continuing legal education credit in Ohio within 60 days from the date of this Order." But, again, while the Court has wide discretion in determining the sanction, "[s]anctions are mandatory in the event the court determines Rule 11 has been violated."[19]

### III. CONCLUSION

Respectfully, these types of arguments are filed only on the hope that a Court will make a mistake instead of being based on law. The Motions to Dismiss are a waste of the Court's time and resources, as well as those of Plaintiff's counsel. he Court should sanction defense counsel by formally warning them that such conduct will not be further tolerated and order each counsel to donate $500 to The Littlest Heroes – Pediatric Cancer Foundation.

Respectfully submitted,

_____
Brian D. Spitz, Esq. (0068816)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
*Attorney for Plaintiff Sessel-Pius L. Taylor*

---

[18] No. 1:21-CV-01426, 2022 WL 621552, at *3 (N.D. Ohio Mar. 3, 2022).
[19] *Adams v. Penn Line Servs., Inc.*, 620 F. Supp. 2d 835, 839 (N.D. Ohio 2009).

## **CERTIFICATE OF SERVICE**

    This is to certify that as required by Fed. R. Civ. P. 11, this Motion has been seen via electronic mail to all parties on February 29, 2024; and the foregoing will be served via the Court's ECF filing system upon all counsel of record following the expiration of the safe harbor provision.

                                                                Brian D. Spitz, Esq. (0068816)