# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **DIANE CALKINS,** | ) | **CASE NO.1:24CV00074** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DANAHER CORP., ET AL.,** | ) | **ORDER** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. (ECF # 20). For the following reasons, the Court denies the Motion.

On July 2, 2024, the Court issued its Opinion and Order granting in part Defendant Cornell's Motion to Dismiss Counts II and IV of Plaintiff's Amended Complaint and denying in part Cornell's Motion to Dismiss Count VIII. In arguing for dismissal of Count VIII alleging unlawful aiding, abetting and inciting discrimination against Defendants Cornell and Kim, Defendants asserted: that the EULA amendment prohibited individual liability against managers and supervisors: that even if the express language of § 4112.02(J) allowed individual liability it was inconsistent with the prohibition found in § 4112.08(A); and that at least one Ohio court had found no individual liability under § 4112.02(J).

Plaintiff seeks sanctions against Defendants' counsel for allegedly misrepresenting the holding in  a district court case, making an "oxymoronic" argument that in an employment action

individual liability may only be imposed for actions taken outside the course and scope of employment and ignoring the plain language of ¶ 4112.02(J) in Defendants' arguments for dismissal of Plaintiff's aiding and abetting discrimination.  Defendants have failed to oppose Plaintiff's Motion.

"Rule 11 of the Federal Rules of Civil Procedure imposes a legal duty on attorneys to certify any papers filed with the court are legally tenable." *Teno v. Iwanski,* 464 F. Supp. 3d 924, 934–35 (E.D. Tenn. 2020).  Fed. R. Civ. P. 11 provides in part as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The decision to award Rule 11 sanctions is within the discretion of the district court. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992); see also Fed. R. Civ. P. 11 Advisory Committee Notes (1993) ("Advisory Notes").  "When deciding whether to impose Rule 11 sanctions, a court should consider 'whether an individual's conduct was reasonable under

the circumstances.'" *Teno,,* 464 F. Supp. 3d at 934–35 quoting *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378, 384 (6th Cir. 1997).   "A judge should not use hindsight to determine the reasonableness of an attorney's acts, but should use an objective standard of what a reasonable attorney would have done at that time." *In re Triple S Restaurants, Inc.*, 519 F.3d 575, 579 (6th Cir. 2008) (citing *In re Big Rapids Mall Assocs.,* 98 F.3d 926, 930 (6th Cir. 1996)).

The court should inquire if the "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *In re DeLorean Motor Company v. Allard*, 821 F.2d 649, 1987 WL 37786 at *2 (C.A.6 (Mich.) June 23, 1987), citing *Westmoreland v CBS, Inc.*, 770 F.2d 1168, 1174-75 (D.C. Cir.1985).

Having reviewed the arguments raised by Defendants in their Motion to Dismiss, the Court finds they do not rise to the level of sanctionable conduct.  Defendants argued that the Ohio statutory scheme regarding manager and supervisor liability  is logically inconsistent and that ¶ 4112.02(J) could not be read to allow liability for managers and supervisors in light of the General Assembly's intent to protect the same from liability as indicated in ¶ 4112.08.

 Defendants also cited to an Ohio district court decision in  *Sherman v.  Public Employees Retirement System,* Case No.  2:22CV04161, 2023 WL 6307632, (S.D Ohio Sept.  28, 2023), wherein the court held that the plaintiff's claims against individual managers and supervisors brought under § 4112.02(I) and (J) were barred by EULA.  However, the Court held this ruling appeared to have been the result of the court erroneously reading § 4112.01(A)(24)(b) as if it were contained within § 4112.01(A)(24)(a).   While the Court ultimately agreed with Plaintiff

3

that Count VIII survived the Motion to Dismiss, the Court does not find Defendants acted

frivolously, nor does it find that Defendants arguments implicate any sanctionable conduct.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion for Sanctions.

IT IS SO ORDERED.


Date: August 29, 2024                              /s/Christopher A. Boyko
                                                   CHRISTOPHER A. BOYKO
                                                   United States District Judge